**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:26-CV-P317-JHM**

**MICHAEL D. PADGETT** **PLAINTIFF**

**v.**

**KENTUCKY DEPARTMENT OF CORRECTIONS *et al.*** **DEFENDANTS**

# MEMORANDUM OPINION AND ORDER

Plaintiff Michael D. Padgett filed the instant *pro se* 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow other claims to proceed.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP). He sues the Kentucky Department of Corrections (KDOC); Lauren Massey, the KSP Deputy Warden of Programs; Brad Richie, a Social Services Officer; Captain Spurlock, an Internal Affairs captain; Laura Plappart, the KSP Warden; Meg Godfrey, a Unit Administrator; Tiffany Spurlock, "CTO"/case worker; Jennifer Tracy, Director of Population Management; two Jane Doe Defendants, Central Office Classification Committee Members; Kentucky State Penitentiary; and Amy Fisher, a Unit Administrator. He sues all Defendants in their individual and official capacities.

Plaintiff filed his complaint on the Court-approved § 1983 form. However, he prefaces the complaint form with a five-page "Preliminary Statement." Plaintiff moves for a preliminary injunction to order KSP Warden Plappart and KDOC "to take Plaintiff out of punitive isolation and place him in Protective Custody." He states that Defendants are being deliberately indifferent

to a serious risk to his safety and that he believes that he will be attacked by members of prison gangs because he informed prison officials and state police that he was beaten and raped by members of a gang called the Simon City Royals on October 29, 2024, at the Eastern Kentucky Correctional Complex (EKCC). Plaintiff states that he filed a separate lawsuit which is pending in the Eastern District of Kentucky concerning that incident. He further represents the following:

> Plaintiff was administratively transferred from EKCC to Little Sandy Correctional Complex (LSCC) where he was attacked by inmate Deandre Owens on behalf of the Simon City Royals. Plaintiff sought placement in Protective Custody while at LSCC and was denied. Plaintiff refused to be placed in general population just to be attacked again. Plaintiff was eventually transferred to Luther Luckett Correctional Complex in January 2025. In May 2025 the Plaintiff was jumped by two members of the Simon City Royals while in his cell, this culumated with Plaintiff having a mental and emotional breakdown where correctional officers where forced to restrain the Plaintiff while the Plaintiff was handcuffed behind his back.

Plaintiff states that he has been at KSP since May 2025 and that since then Defendants have kept him in solitary confinement "with a recommendation to complete the T.U. Program" which he states is a six-month program in solitary confinement. He states that he "was told by Royal Dustin Smith during participation in this program that he had a 'kill order' on him from the head Simon City Royal over the state, inmate Bass Webb, who is at KSP." Plaintiff asserts, "The T.U. Program allows inmates to have physical contact. Inmates have been known to get out of their handcuffs and stab other inmates restrained to a desk. In Fourth phase of the T.U. Program you are all but a general population inmate, and our unrestrained." He reports that there are over 95 "documented members of the Simon City Royals at KSP" and that "85% of the inmate prison population [is] affiliated with some type of gang." He maintains, "The kill order has been put out amoung all inmates statewide. I cannot complete the T.U. Program without a very heighted risk of being retaliated on with physical violence for 'ratting' out members of this gang who violently assaulted me on October 29, 2024 at EKCC."

Moreover, Plaintiff states, "Defendants are very aware of this dangerous situation but refuse to do anything about it." He also represents that he has been "without a serious disciplinary report for over a year." He states, "Solitary confinement is temporarily restraining these gangs from violently attacking me and causing serious physically injury or even death." He continues, "I cannot stay in solitary the rest of my time in prison. The only way to prevent the plaintiff from being violently attacked by members of the Simon City Royals, LIMB, Vice Lords, or gangster disciples, is to place the plaintiff in protective custody." He states that in January 2027 he is scheduled to go to Phase 4 in the T.U. program "where he will be forced around the very gangs seekin to kill him." He asserts that the Defendants' denial of Plaintiff's request for protective custody will result in him being "seriously physically harmed, or even killed dureing the pendency of this suit." He asks the Court to order that he be placed in protective custody and to order Defendants not to place him in the fourth phase of the T.U. Program.

In the complaint form, Plaintiff alleges a violation of the Eighth Amendment based on Defendants' deliberate indifference to his safety and a violation of his right to due process. He lists Defendants and alleges how he believes each Defendant violated his rights. As relief, he seeks compensatory and punitive damages and injunctive and declaratory relief.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### ***A. Claims against KDOC and KSP***

With regard to KDOC and KSP, a state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because neither KDOC

nor KSP is a "person" under § 1983, the Court will dismiss the claims against them for failure to state a claim upon which relief may be granted. Additionally, the Eleventh Amendment acts as a bar to all claims for relief against KDOC and KSP. A state and its agencies, such as the KDOC and KSP, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Therefore, the Court will also dismiss the claims against KDOC and KSP for all relief for failure to state a claim and for seeking monetary damages from a Defendant who is immune from such relief.

***B. Official-capacity claims for damages***

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because all Defendants are officers or employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

### *C. Deliberate indifference to safety claims*

Upon review, the Court will allow Plaintiff's Eighth Amendment claims based on deliberate indifference to his safety to proceed against Defendants Tiffany Spurlock, Godfrey, Massey, Tracy, Jane Doe members of the Classification Committee, and Captain Spurlock[1] in their individual capacities and against these Defendants in their official capacities for injunctive and declaratory relief.

### *D. Due process claims*

Upon review, the Court will also allow Plaintiff's claims for violation of his right to due process based on his allegations concerning his placement in solitary confinement to proceed against Defendants Plappart, Richie, Massey, and Tiffany Spurlock in their individual capacities and against these Defendants in their official capacities for injunctive and declaratory relief. [2]

### *E. Monell claims*

Under a section titled "Monell Liability," Plaintiff states that Defendants Plappart and Massey[3] are liable under *Monell*, which the Court construes as *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court held that a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *See id.*; *Deaton v.*

---

[1] The Court observes that Plaintiff includes claims against Defendants Massey, Godrey, Tiffany Spurlock, Captain Sprulock, Tracy, and the two Jane Doe Classification Committee members under the heading, "Supervisory Liability." The Court finds that Plaintiff has alleged sufficient personal involvement in the alleged events to allow deliberate indifference to safety claims to proceed against these Defendants. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability.")

[2] Plaintiff also alleges a due process claim against Amy Mitchell. However, Mitchell was not named as a Defendant in the action. Therefore, the Court does not consider her a party to this action.

[3] Plaintiff also alleges this claim against Defendants KDOC and KSP. However, the claims against KDOC and KSP will be dismissed for reasons stated above.

*Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Plaintiff alleges actions taken by state employees or officials, not any action by a municipality or its employees or officials. Therefore, any separate claims Plaintiff may be attempting to assert under *Monell* must be dismissed for failure to a claim upon which relief may be granted.

***F. Defendant Fisher***

Plaintiff lists Fisher as a Defendant in a page attached to the complaint form listing Defendants, but he makes no reference to her in the body of the complaint. Nor does he make any allegation as to any specific action she undertook. Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *George v. Gordon*, No. 2:22-CV-1981, 2022 U.S. Dist. LEXIS 101205, at *8 (S.D. Ohio June 6, 2022), *report and recommendation adopted*, No. 2:22-CV-1981, 2022 U.S. Dist. LEXIS 120459 (S.D. Ohio July 6, 2022) ("[T]he Court cannot draw the reasonable inference that any of these Defendants are liable for the misconduct alleged, because Plaintiff makes no factual assertions about any Defendant's conduct . . . . Even affording Plaintiff the leniency due to *pro se* complainants, the Court can do no more than guess at the nature of the claim asserted.") (citations omitted). Therefore, Plaintiff's claim against Defendant Fisher will be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendants KDOC, KSP, and Fisher; official-capacity claims for damages against all Defendants; and claims under *Monell* are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

The **Clerk of Court is DIRECTED to terminate** KDOC, KSP, and Fisher as Defendants to this action because no claims remain against them.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date: November 13, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants Tiffany Spurlock, Godfrey, Massey, Tracy, Captain Spurlock, Plappart, and Richie
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4414.010